IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARION PETER HUNTER,             :
                                 :
                  Petitioner,    :
                                 :
      v.                         :   Civil Action No.16-1002-RGA
                                 :
DANA METZGER, Warden, and        :
ATTORNEY GENERAL OF THE          :
STATE OF DELAWARE,               :
                                 :
                  Respondents.[1] :

## MEMORANDUM OPINION

Marion Peter Hunter. *Pro se* Petitioner.

Brian L. Arban, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

May 10, 2018
Wilmington, Delaware

---

[1] Warden Dana Metzger has replaced former Warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).

/s/ Richard G. Andrews
ANDREWS, UNITED STATES DISTRICT JUDGE:

Presently pending before the Court is Petitioner Marion Peter Hunter's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and Amended Application ("Petition"). (D.I. 3; D.I. 8) The State filed an Answer in opposition. (D.I. 12) For the reasons discussed, the Court will dismiss the Petition.

## I. BACKGROUND

In 2013, Petitioner was indicted on charges of first degree rape, sexual abuse of a child by a person in a position of trust, strangulation, third degree assault, and terroristic threatening. *See Hunter v. State*, 145 A.3d 429 (Table), 2016 WL 4191920, at *1 (Del. Aug. 1, 2016). On the day that his trial was scheduled to proceed, Petitioner pled guilty to one count of second degree rape. *See State v. Hunter*, 2016 WL 1424398, at *1 (Del. Super. Ct. Mar. 29, 2016). Petitioner did not file a direct appeal.

Petitioner filed a *pro se* motion for post-conviction relief pursuant to Rule 61 in November 2013. *See State v. Hunter*, 2014 WL 7474217, at *1 (Del. Super. Ct. Dec. 31, 2014). The Superior Court appointed conflict counsel ("first Rule 61 counsel") to represent Petitioner during his Rule 61 proceeding. *Id.* First Rule 61 counsel filed a motion to withdraw his representation on the basis that there were no meritorious claims. *Id.*; *see also* (D.I. 3-1 at 15) The Superior Court denied the motion, and instead, appointed new Rule 61 counsel to represent Petitioner ("second Rule 61 counsel"). *See Hunter*, 2014 WL 7474217, at *1. After reviewing the record, second Rule 61 counsel filed a motion to withdraw after determining that there were no meritorious claims. *See Hunter*, 2016 WL 1424398, at *3. On March 29, 2016, the Superior Court granted second Rule 61 counsel's motion to withdraw and dismissed the Rule 61 motion.

*Id.* Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment on August 1, 2016. *See Hunter*, 2016 WL 4191920, at *2.

## II. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *see Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the court to consider the claims on their merits. *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *Castille v. Peoples,* 489 U.S. 346, 351 (1989).

2

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines,* 208 F.3d at 160; *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman,* 501 U.S. at 750; *Harris v. Reed,* 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman,* 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional

violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United States,* 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell,* 547 U.S. 518, 537-38 (2006); *see Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

### B. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor,* 529 U.S. 362, 412 (2000); *Appel v. Horn,* 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn,* 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter,* 562 U.S. 86, 98 (2011). As explained by the Supreme Court, "it may be

presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99.

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. *See* 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## III. DISCUSSION

Petitioner timely filed his § 2254 Petition, which asserts the following three ineffective assistance of counsel claims: (1) defense counsel failed to file a pre-trial motion to dismiss the indictment and argue that the indictment's defects and multiplicity issues deprived the Superior Court of jurisdiction over Petitioner's case which, in turn, rendered Petitioner's guilty plea involuntary and unintelligent; (2) defense counsel failed to investigate the lack of medical evidence and failed to investigate certain physical evidence, especially the DNA report; and (3) defense counsel failed to formulate a defense theory and to advocate for Petitioner's interests.

### A. Claim One: Meritless

In Claim One, Petitioner contends that defense counsel was ineffective for failing to file a pre-trial motion to dismiss the indictment on the grounds that there was no evidence supporting the charges, the State constructively amended the charges, and the indictment was multiplicitous. (D.I. 3 at 3, 13-14). Petitioner also appears to contend that defense counsel should have argued

5

that the defective amendment stripped the Superior Court of jurisdiction over his case. (D.I. 3 at 14) The Superior Court denied a substantially similar claim in Petitioner's Rule 61 motion as meritless, and the Delaware Supreme Court affirmed that decision. *See Hunter*, 2016 WL 1424398, at *3; *Hunter*, 2016 WL 4191920, at *2. Consequently, Petitioner will only be entitled to habeas relief if the Delaware Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* A petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). In the context of a guilty plea, a petitioner satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A court can choose to address the prejudice prong before the deficient performance prong, and reject an ineffective assistance of

counsel claim solely on the ground that the defendant was not prejudiced. *See Strickland,* 466 U.S. at 698. Finally, although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689.

With respect to the first prong of the § 2254(d)(1) inquiry, a "state court decision is 'contrary to' clearly established federal law if it 'applies a rule that contradicts the governing law set forth' in Supreme Court precedent, or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different' from that reached by the Supreme Court." *Eley v. Erickson,* 712 F.3d 837, 846 (3d Cir. 2013)(internal citation omitted). In this case, the Delaware Supreme Court's decision was not contrary to clearly established federal law because it correctly identified the *Strickland/Hill* standard applicable to Claim One. *See Williams,* 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The Court must also determine if the Delaware Supreme Court reasonably applied the *Strickland/Hill* standard to the facts of Petitioner's case. When performing the second prong of the § 2254(d) inquiry, the Court must review the Delaware Supreme Court's decision with respect to Petitioner's ineffective assistance of counsel claim through a "doubly deferential" lens.[2] *See Richter,* 562 U.S. at 105. Notably, when § 2254(d) applies, "the question is not

---

[2]As explained by the *Richter* Court,
> [t]he standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).

7

whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. When assessing prejudice under *Strickland*, the question is "whether it is reasonably likely the result would have been different" but for counsel's performance, and the "likelihood of a different result must be substantial, not just conceivable." *Id*. And finally, when viewing a state court's determination that a *Strickland* claim lacks merit through the lens of § 2254(d), federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id*. at 101.

On post-conviction appeal, the Delaware Supreme Court denied as meritless Petitioner's contention that defense counsel was ineffective for not filing a motion to dismiss the indictment due to lack of evidence or any other reason. The Delaware Supreme Court determined that (1) Petitioner's statements during his guilty plea colloquy belied his assertion that his guilty plea was involuntary, and (2) given the substantial benefit Petitioner derived from pleading guilty, he failed to demonstrate a reasonable probability that he would not have pled guilty but for defense counsel's alleged error. *See Hunter*, 2016 WL 4191920, at *2. For the reasons set forth below, the Court concludes that this decision involved a reasonable application of the *Strickland/Hill* standard.

It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that create a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Here, the transcript of Petitioner's plea colloquy contains his clear and explicit statements that he discussed his case with defense counsel and he was satisfied

---

*Richter*, 562 U.S. at 105 (internal citations omitted).

8

with his opportunity to confer with defense counsel. (D.I. 16-1 at 25-26) Petitioner understood the constitutional rights he was waiving by pleading guilty. (*Id.* at 28) Petitioner also understood that he faced a mandatory life sentence if convicted at trial, and that the Superior Court was not required to accept the State's recommended sentence in the plea agreement (twenty years at Level V, suspended after ten years, and followed by community-based supervision, for the lesser-included offense of second degree rape and the dismissal of several other felony and misdemeanor charges). (*Id.* at 23-25) In turn, the Truth-In-Sentencing Guilty Plea Form signed by Petitioner indicates that he knowingly and voluntarily entered into his plea agreement; he was satisfied with defense counsel's representation and that defense counsel had fully advised him of his rights; he had not been promised anything not contained in the plea agreement; he was not forced or threatened to enter the plea agreement; and he knew he faced a possible maximum sentence of twenty-five years for the offense in the plea agreement, with a minimum mandatory sentence of ten years. (*Id.* at 25, 34)

Petitioner's unsupported allegations in this proceeding fail to provide compelling evidence as to why the statements he made during the plea colloquy should not be presumptively accepted as true. Consequently, the Delaware State Courts reasonably applied *Blackledge* in holding that Petitioner was bound by the representations he made during the plea colloquy and on the Truth-In-Sentencing form. Given this determination, Petitioner cannot demonstrate a reasonable probability that he would have gone to trial and would have been acquitted but for defense counsel's alleged failure to file a motion to dismiss the indictment. Accordingly, the Court concludes that the Delaware Supreme Court reasonably applied the *Strickland/Hill* standard in denying Claim One.

### B. Claims Two and Three: Procedurally Barred

Claims Two and Three assert that defense counsel provided ineffective assistance with respect to physical and medical evidence, and that counsel failed to act as his advocate and formulate a defense strategy. The record reveals that Petitioner did not present these allegations to the Delaware Supreme Court on post-conviction appeal. At this juncture, any attempt by Petitioner to raise Claims Two and Three in a new Rule 61 motion would be barred as untimely under Delaware Superior Court Criminal Rule 61(i)(1). *See DeAngelo v. Johnson*, 2014 WL 4079357, at *12 (D. Del. Aug. 15, 2014). Consequently, these two Claims are procedurally barred, and the Court cannot review their merits absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the Claims are not reviewed.

Petitioner has not demonstrated cause because he does not explain why he did not present Claims Two and Three on post-conviction appeal. Although the absence of cause obviates the Court's obligation to address prejudice, Petitioner cannot establish prejudice. Notably, he has not provided any basis for the Court to question the veracity of his plea colloquy statement that he was satisfied with defense counsel's representation. In addition, Petitioner's contention that defense counsel failed to formulate a defense strategy is conclusory and contradicted by the record.

Finally, Petitioner has not satisfied the miscarriage of justice exception to the procedural default doctrine because he has not provided new reliable evidence of his actual innocence. Accordingly, the Court will deny Claims Two and Three as procedurally barred from federal habeas review.

## IV. PENDING MOTION

During the pendency of this proceeding, Petitioner filed a Motion to Appoint Counsel (D.I. 5), which the Court denied (D.I. 17). Thereafter, Petitioner filed a Motion to Reconsider the Denial of the Appointment of Counsel Motion. (D.I. 18) Given the Court's conclusion that the instant Petition must be denied, the Court will dismiss the Motion for Reconsideration as moot.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied. An appropriate Order will be entered.